# 1:CV01-0712

CLOSED

U.S. District Court
Southern District of New York - Civil Database (Foley Square)

CIVIL DOCKET FOR CASE #: 01-CV-3179

Smith v. I.N.S.  
Assigned to: Chief Judge Michael B. Mukasey  
Demand: $0,000  
Lead Docket: None  
Dkt# in other court: None  

Filed: 04/16/01  
Nature of Suit: 530  
Jurisdiction: US Defendant  

Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

MARK ANTHONY SMITH  
   petitioner  

Mark Anthony Smith  
(55938)  
[COR LD NTC] [PRO SE]  
York County Prison  
3400 Concord Road  
York, PA 17402-0999  

FILED SCRANTON  
APR 24 2001  
PER _____  
DEPUTY CLERK  

v.

IMMIGRATION AND NATURALIZATION SERVICE  
   respondent  

David M. Barasch  
Suite 309  
[COR LD NTC]  
United States Attorney's Office  
Middle District of Pennsylvania  
Fed. Bldg.  
Washington & Linden Streets  
Scranton, PA 18501  

Docket as of April 23, 2001 9:14 am        Page 1

Proceedings include all events.
1:01cv3179 Smith v. I.N.S.                                              CLOSED

MARK ANTHONY SMITH

       petitioner

  v.

IMMIGRATION AND NATURALIZATION SERVICE

       respondent

Proceedings include all events.
1:01cv3179 Smith v. I.N.S.                                              CLOSED

| | | |
|---|---|---|
| 4/16/01 | 1 | PETITION for writ of habeas corpus pursuant to 28 USC 2241. FILING FEE $ 5.00  RECEIPT # 397458. (jco) [Entry date 04/20/01] |
| 4/16/01 | -- | Magistrate Judge Gabriel W. Gorenstein is so designated. (jco) [Entry date 04/20/01] |
| 4/16/01 | 2 | ORDER, Accordingly, the Clerk of this Court shall file and docket the petition.  The Clerk of this Court shall transfer this case to the United States District Court for the Middle District of Pennsylvania in the interest of justice, Futhermore, it is ordered that petitioner's removal or deportation is hereby stayed pending further order by the United States District Court for the Middle District of Pennsylvania., The Clerk of Court is directed to serve a copy of this order and the underlying petition on the United States Attorney for the Middle District of Pennsylvania who is further directed to inform the Immigration and Naturalization Service forthwith of the stay of removal.  For goood cause shown, the Government may move to vacate this stay.  That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five day delay is waived. So Ordered. ( signed by Chief Judge Michael B. Mukasey ); Copies mailed. (jco) [Entry date 04/23/01] |
| 4/16/01 | -- | Interdistrict transfer to the Middle District of Pennsylvania. Sent original file along with a certified copy of the sheet and transfer order via Federal Express AIRBILL # 8243 5943 8200 on 4/23/01. (jco) [Entry date 04/23/01] |

A TRUE COPY
JAMES M. PARKISON, Clerk

By _Julie Carrea_
Deputy Clerk

DOC # 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

01 CV  3179

------------------------------------------------------------X

MARK ANTHONY SMITH,

JUDGE MUKASEY

   Petitioner,

   -against-                                              TRANSFER ORDER

IMMIGRATION AND NATURALIZATION SERVICE,

   Respondent.
------------------------------------------------------------X

    Petitioner, presently detained at the York County Prison in York, Pennsylvania, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 *pro se*. Petitioner paid the requisite filing fee to bring this action and seeks to challenge the constitutionality of his confinement pursuant to an Order of Removal/Deportation. For the following reasons, however, this petition is hereby transferred to the United States District Court for the Middle District of Pennsylvania.

    It is well settled that in order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). The custodian is "the warden of the prison or facility where the detainee is held" or the official in charge of the facility that has day to day control of the prisoner. Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); Eltayeb v. Ingham, 950 F. Supp. 95, 98 (S.D.N.Y. 1997); Carvajales-Cepeda v. Meissner, 966 F. Supp. 207, 208 (S.D.N.Y. 1997); Guerrero-Musla v. Reno, No. 98 Civ. 2779 (HB), 1998 WL 273038 (S.D.N.Y. May 28, 1998).

    Petitioner is currently detained by the Immigration and Naturalization Service ("I.N.S.") at the York County Prison in York, Pennsylvania. It therefore appears that petitioner's custodian is Charles W. Zemski, the Acting District Director of the I.N.S. in Pennsylvania, who oversees the detention facilities there. See Carvajales-Cepeda, 966 F. Supp. at 208. Furthermore, this action does not appear to have any substantial nexus to the Southern District of New York. Thus, *habeas* venue lies in the Middle District of Pennsylvania where the York County Prison is located. 28 U.S.C. §§

118(b), 1406(a).

Accordingly, the Clerk of this Court shall file and docket the petition. The Clerk of this Court shall transfer this case to the United States District Court for the Middle District of Pennsylvania in the interest of justice. Furthermore, it is ordered that petitioner's removal or deportation is hereby stayed pending further order by the United States District Court for the Middle District of Pennsylvania. The Clerk of Court is directed to serve a copy of this order and the underlying petition on the United States Attorney for the Middle District of Pennsylvania who is further directed to inform the Immigration and Naturalization Service forthwith of the stay of removal. For good cause shown, the Government may move to vacate this stay. That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five day delay is waived.

SO ORDERED:

MICHAEL B. MUKASEY
Chief Judge

Dated: APR 1 6 2001
New York, New York

A TRUE COPY
JAMES M. PARKISON, Clerk
By_____
Deputy Clerk

**Copies Sent to:**

**Mark Anthony Smith**
A # 31-407-555
York County Prison
3400 Concord Road
York, Pennsylvania 17402

**David M. Barasch, United States Attorney**
UNITED STATES ATTORNEY'S OFFICE
Middle District of Pennsylvania
Ste. 309, Fed. Bldg., Washington & Linden Streets
Scranton, Pennsylvania 18501

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

01 CV

DOC # 1
3179

JUDGE MUKASEY

Full name and prison number (if any) of petitioner

MARK ANTHONY SMITH
A#31407   vs. 555   #55938
INS

Name of Respondent

Case No. _____
Clerk to supply

28 USC § 2241

PETITION FOR WRIT OF HABEAS CORPUS
BY PERSON IN FEDERAL CUSTODY

INSTRUCTIONS—READ VERY CAREFULLY

    To be considered by the District Court, this petition must be in writing, legibly handwritten [in English] or typewritten, attested to by the petitioner.   Answers to each applicable question must be concise.  If the space is too small for the answer to a particular question, finish it on the reverse side of the page or insert an additional blank page, making clear to which question the continuing answer refers.

    Every petition for habeas corpus must be attested to.  A false statement of material fact in the petition may be made the basis of prosecution and conviction for perjury.  Petitioners should take care that their answers are true and correct.

    If the petition is taken in forma pauperis, it shall include an affidavit [attached at the back of the form] setting forth information that will establish whether petitioner will be unable to pay the fees and costs of the habeas corpus proceedings.

    When the petition is completed, the original and two copies shall be mailed to the Clerk of the District Court for the Southern District of New York.


RECEIVED
FEB 06 2001
PRO SE OFFICE

1. Place of detention <u>York County Prison</u>

2. Name and location of court which imposed sentence <u>Nassau County Court</u>

3. The indictment number or numbers [if known] upon which and the offense or offenses for which sentence was imposed:

   (a) <u>NYSID: 5H3 27H8-R</u>

   (b) _____

   (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:

   (a) <u>~~4th of June 1991~~ 3/25/96 6 Months</u>

   (b) <u>5 Years Probation) Recentenced VOP</u>

   (c) <u>Att Burg 2nd on 6/4/97 to 1-4-04-0</u>

5. Check whether a finding of guilty was made

   (a) after a plea of guilty          [✓]

   (b) after a plea of not guilty      [ ]

   (c) after a plea of nolo contendre  [ ]

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

   (a) a jury                  [ ]

   (b) a judge without a jury  [ ]

7. Did you appeal from the judgment of conviction of conviction or the imposition of sentence?   Yes [ ]  No [✓]

8. If you answered "Yes" to (7), list

   (a) the name of each court to which you appealed:

-2-

i. _N/A_____

ii. _N/A_____

iii. _N/A_____

(b) the result in each court to which you appealed:

i. _N/A_____

ii. _N/A_____

iii. _N/A_____

(c) the date of each such result:

i. _N/A_____

ii. _N/A_____

iii. _N/A_____

(d) if known, citations of any written opinion or order entered pursuant to such results:

i. _N/A_____

ii. _N/A_____

iii. _N/A_____

9. State concisely all the grounds on which you base each allegation that you are being held in custody unlawfully:

(a) THIS PRO SE PETITION FOR WRIT OF HABES CORPUS UNDER 28 U. S. C 2241 FILED BY PETITIONER MARK SMITH. I AM HEARBY BEING DETAINED BY I. N. S IMMIGRATION AND NATURALIZATION SERVICE FROM OCTOBER 10th 1999 AND WAS ORDERED REMOVED FROM THE UNITED STATES OF AMERICA ON JANUARY 6th 2000 BY I.N.S HONERABLE JUDGE DURLING. THIS IS NOT AN ATTEMP TO LITIGATE THE MERITS OF REMOVAL PROCEDINGS AT THE AGENCY LEVEL, INSTEAD IT CONTESTS MANDATORY DETENTION UNDER 8 U.S.C 1226, INA 2369 (C) WITHOUT OPPERTUNITY FOR RELEASE UNDER SUPERVISION. THIS PETITION ASSERTS THAT MANDATORY DETENTIO

DUE PROCESS. AFTER BEING OVER NINETY (90) DAYS.

(b) IN ACCORDANCE TO SECTION 8.U S C 1231 THE (INA & 241) (1)(B)(3) OF THE IMMIGRATION ACT. ANY ALIEN WHOSE FINAL ORDER OF REMOVAL EXCEEDS NINETY (90) DAYS PERIOD IS QUALIFIED FOR PAROLE OR SUPERVISION OF RELEASE.

PETITIONER IS A NATIVE OF JAMAICA AND WAWS BORN ON 8-6-1960. WHO LATER CAME TO THE UNITED STATES OF AMERICA ON JAN 28-1971 VIA NEW YORK NEW YORK PETITIONER WAS CHARGED WITH ATTEMTED BURGLARY IN THE SECOUND DEGREE AND WAS CONVICTED FOR AN AGGRAVATED FELONY BY INS AND WAS ISSUED A NOTICE TO APPEAR

HOWEVER, BASED ON THE NTA, THE INS DEEMED IT VERY NECESSARY TO REMOVE RESPON-DANT UPON WHICH THE HON. JUDGE GAVE A FINAL ORDER ON JAN 6th 2000 UP UNTIL FEB 7th 2000 TO WHICH THE ALIEN CHOOSES TO OR NOT TO APPEAL.

IN RELEVANT PART, THE IMMIGRATION SERVICE SHOULD HAVE DEPORTED THE PETITIONE-R IN COMPLIANCE TO SECTION 8U.S.C.1231(INA& 241)(3) (A) (B)(C) AND (D). THIS SECTION 8 U.S.C. 1231 ALSO PROVIDES (A) THAT DETENTION, RELEASE, AND REMOVAL OF ALIENS ORDERED REMOVED AS OTHERWISE PROVIDED IN THIS SECTION.

> THE ATTORNEY GENERAL SHALL REMOVE THE ALIEN FROM THE UNITED STATES WITHIN A SPECIFIED TIME PERIOD OF NINETY (90) DAYS IN THIS SECTION REFFERED TO AS REMOVAL PERIOD.

THE BEGINING OF THE PERIOD WHICH BEGINS ON THE LATEST OF DATE THE REMOVAL BECOMES ADMINSTRATIVELY FINAL. THEREFORE THE ALIEN SHALL BE SUBJECTED TO (c) SUPERVISED RELEASE UNDER REGULATIONS PRESCRIBED BY THE ATTORNEY GENERAL.

(C) PETITIONER WAS ARESSTED ON NOVEMBER 30th 1994 and WAS SENTENCED TO SIX (6 MONTHS/ FIVE (5) YEARS PROBATION FOR ATT BURG IN 2nd ON MAY 4th 1997 PETITION-ER WAS RESENTENCED TO 1-4-0-4-00 FOR VIOLATION OF PROBATION FOR THE SAME OFFENCE OF ATT. BURG IN 2nd INSTANT OFFENCE.

(b) PETITIONER IS HEARBY ASKING THIS COURT TO REVIEW HIS CLAIM FOR ELIGIBILITY FOR RELIEF, SUCH AS 212(C) AND CANCELLATION OF REMOVAL 240(A).

PETITIONER CRIMINAL CONDUCT OCCURRED PRIOR TO THE AEDPA AND IIRIRA ENACTMENTY, WHICH IS AN AGGRAVATED FELON AS DEEM BY THE 1996 ANTI-TERRORISM LAW.
DURING TO THE RECENT RULING UNDER THE REINSTATION OF THE MATTER OF SORIANO, AND ST CYR V RENO. THE SECOUND CIRCUIT, ALONG WITH THE INTERIM DECISION 3289 ( BIA 1997), BY ATTORNEY GENERAL AND THE PROPOSED PASSAGE OF THE RETROACTIVITY REFORM BILL, H.R. 506, BY THE HOUSE OF REPRESENTATIVE.
IN ADDRESSING THE MERITS OF ST CYR'S HABES PETITION, THE DISTRICT COURT HELD THAT THE AEDPA 440(D) IS INAPPLICABLLE TO AN ALIEN PLACED IN REMOVAL PROCEED-INGS AFTER THE AEDPA'S ENACTMENT IF THE RELEVANT CONVICTION CONDUCT OCCURRED PRIOR TO THE 1996 AEDPA ENACTMENT.
THEREFORE DEALING WITH THE ST CYR'S CASE, PETITIONERS CRIMINAL CONDUCT OCCURRED IN 1994 PRIOR TO THE 1996 AEDPA ENACTMENT.

(c) THE COURT REASONED THAT CONGRESS DID NOT INTENDED FOR THE AEDPA 440(D) TO BE APPLIED RETROACTELY TO SUCH PRE - ENACTMENT EVENTS BECAUSE IT WOULD UNFAIRLY ATTACH NEW LEGAL CONCEQUNCES TO PRE-AEDPA CRIMINAL CONDUCT. THUS THE DISTRICT COURT CONCLUDED THAT ST CYR'S REMOVAL PROCEEDINGS SHOULD BE GOVERNED BY THE LAW THAT WAS IN EFFECT AT THE TIME HE COMMITTED THE CRIME IF APPLICATION OF THE STA--TUE TO THE CONDUCT AT ISSUE WOULD HAVE A RETROACTIVE AFFECT THEN KEEPING THE TRADITION PRESUMPTION AGAINST RETROACTIVITY, WE PRESUME THAT THE STATUE DOES NOT APPLY THAT CONDUCT: MARTIN V HADIX 527 U.S 343, 352(1999)
QUOTING LANDGRAF, 511 U.S. AT 280.
IN SUM I CONCLUDE THAT THERE IS NO CLEAR EVEDENCE THAT CONGRESS CONSIDERED AND DECIDED WETHER IIRIRA 304. BAR TO RELIEF FROM REMOVAL APPLIES RETROACTIVLY TO REMOVAL PROCEEDINGS COMMENCED AFTER IIRIRA'S ENACTMENT AGAINST ALIEN WHO PLED GUILTY TO THE UNDERLINING CONDUCT BEFORE IT'S ENACTMENT..

10. State concisely and in the same order the facts which support each of the grounds set out in (9):

(a) CONCLUSION
----------

THE TENTH, FIFTH AND THIRD CIRCUITS HAVE ANALIZED WHETHER AEDPA 440(D) WAS RETROACTIVE AS APPLIED TO ALIENS WHO CRIMINAL CONDUCT OCCURRED PRIOR TO THE AEDPA'S1147 REQUENA- RODRIQUEZ, 190 F 3D AT 306, DE SOUSA 190 F, 3D AT 185, HAVING FOUND THAT CONGRESSIONAL INTENT TO APPLY AEDPA 440(D) RETROACTIVLY WAS AMBIGOUS. THESE COURT'S ADOPTING THE INS POSITION, DETERMINING THAT THERE EXISTED NO IMPERMISSIBLE RETROACTIV EFFECT IN APPL-YING AEDPA 440(D) TO PRE ENACTMENT CONVICTION SEE JURADO-GUTERREZ 190 F 3d AT307-8 DE SOUSA 190 (F) 3 (D) AT 187 . WHEREFORE AEDPA AND IIRIRA DOES NOT APPLY RETROACTIVLY TO PETITIONERS 1994 CONDUCT: THIS IS PETITIONER;S CITUATION EXACTLY.

(b) THEREFORE BASED ON THE GROUNDS STATED ABOVE, PETITIONER IN THE ABOVE CAPTION IS DEEM ELIGIBLE FOR SUCH RELIEF AS 212 (C) AND 240 A CANCELLATION OF REMOVAL, WHEREFORE I.N.S DISTRICT ATTORNEYS AND THE JUDGE'S DECISION SHOULD BE VACATED AND PETITIONERSRELIEF GRANTED.

11. Have you previously filed petitions for habeas corpus, motions under section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?

Yes [ ]   No [X]

12. If you answered "Yes" to (11), list with respect to each petition, motion or application

   (a) the specific nature thereof

     i. N/A

     ii. N/A

     iii. N/A

   (b) the name and location of the court in which each was filed:

     i. N/A

     ii. N/A

     iii. N/A

   (c) the disposition thereof:

     i. N/A

     ii. N/A

     iii. N/A

   (d) the date of each disposition:

     i. N/A

     ii. N/A

     iii. N/A

   (e) if known, citations of any written opinions or orders entered pursuant to each such disposition:

     i. N/A

     ii. N/A

     iii. N/A

13. If you did not file a motion under section 2255 of Title 28, United States Code, [or if you filed such a motion and it was denied] state why your remedy by way of such motion is inadequate or ineffective to test the legality of your dentention:

   (a)

   (b)

   (c)

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus motion under section 2255 of Title 28, United States Code, or any other petition, motion or application?

   Yes /  /   No /✓/

15. If you answered "Yes" to (14), identify

   (a) which grounds have been previously presentend:

   i. ___N/A_____

   ii. ___N/A_____

   iii. ___N/A_____

   (b) the proceedings in which each ground was raised:

   i. ___N/A_____

   ii. ___N/A_____

   iii. ___N/A_____

16. Were you represented by an attorney at any time during the course of

   (a) your arraignment and plea?    Yes /✓/   No /  /

   (b) your trial, if any?           Yes /  /   No /✓/

   (c) your sentencing?              Yes /✓/   No /  /

   (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

                                     Yes /  /   No /✓/

   (e) preparation, presentation or consideration of any petition, motion or applications with respect to this conviction, which you filed?

                                     Yes /  /   No /✓/

-8-

17. If you answered "Yes" to one or more parts of (16), list

   (a) the name and address of each attorney who represented you:

   i.   N/A

   ii.  N/A

   iii. N/A

   (b) the proceedings at which each attorney represented you:

   i.   ARRAIGNMENT AND PLEA.

   ii.  SENTENCEING

   iii.

18. If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information in instructions, page 1 of this form?

                                    Yes [ ]      No [✓]

I, __MARK A. SMITH__, state under
   (Print (legibly) or type full name)

penalty of perjury that the foregoing is true and correct.

Executed on _____
              (Month) (Date) (Year)

                                           _Mark A. Smith_
                                              (Petitioner)