# ORIGINAL

FILED
HARRISBURG

JUN 0 7 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK ANTHONY SMITH,                    :
         Petitioner             :      No. 1:CV-01-0712
                              :
         v.                     :      (Judge Kane)
                              :
IMMIGRATION AND NATURALIZATION          :
SERVICE,                                :
         Respondent             :

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas corpus action brought under 28 U.S.C. §2241 by Mark Anthony Smith, a citizen and native of Jamaica. Smith has been ordered removed from the United States, with Smith being detained by the INS pending his deportation.

The habeas petition raises three issues concerning his immigration proceedings. First, Smith states that he is not challenging the merits of the removal order but is challenging the mandatory detention provisions of 8 U.S.C. §1226(c). Second, Smith states that he should have been removed from the United States within 90 days of his final order of removal, with him then being eligible for release on supervision. Third, Smith claims that amendments made to the Immigration and Naturalization Act, 8 U.S.C. §§1101 et seq., through AEDPA and IIRIRA,[1] which remove his

---

[1] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996).

eligibility for cancellation of removal under 8 U.S.C. §1229b(a), should not be retroactively applied to him.

As explained below, the habeas petition should be denied. As to Smith's §1226(c) mandatory detention claim, Smith is not being detained under that provision so he has no standing to challenge the statute.    As to Smith's post-final order detention claim, the INS is attempting to obtain travel documents for Smith and Smith has been, and will continue to be, considered for release.   To the extent Smith is challenging the INS' discretionary decision in January 2001 to continue to detain him, the Court has no jurisdiction to review the decision pursuant to 8 U.S.C. §1252(a)(2)(B)(ii).   Finally, as to Smith's retroactivity claim regarding §1229b(a), the Third Circuit has rejected that argument -- with the issue presently pending before the Supreme Court.

### Statement of the Case

Smith is a citizen and native of Jamaica who arrived in the United States in 1971 as a lawful permanent resident.   Exh. 1 (Notice to Appear).

In 1997, Smith received a 1 and 1/3 year to 4 year sentence for attempted second degree burglary.   <u>Id</u>., Exh. 12 (sentence & commitment).   As a result of this conviction, the INS served Smith in October 1999 with a Notice to Appear charging him with being removable under 8 U.S.C. §1227(a)(2)(A)(iii), for having been convicted of an aggravated felony.   Exh. 1.

On January 6, 2000, an immigration judge found Smith removable as charged. As to Smith's request for cancellation of removal under 8 U.S.C. §1229b(a), the immigration judge observed that Smith's aggravated felony conviction statutorily precluded him from such relief. Exh. 2. Smith appealed to the Board of Immigration Appeals ("BIA") but the BIA upheld the removal order on June 28, 2000. Exh. 4. Thus, Smith had a final order of removal as of June 28, 2000.

On July 18, 2000, the INS requested Jamaica to provide it with travel documents for Smith. Exh. 5. This request was repeated on September 15, 2000, and February 5, 2001. Exhs. 6-7. On March 21, 2001, the Jamaican consulate advised the INS that it was still investigating Smith's case. Exh. 8.

In the interim, Smith has been detained pursuant to 8 U.S.C. §1231. Smith also has been considered for release under supervision by the INS pending removal. Most recently, the INS denied Smith release on January 29, 2001. Exhs. 9-10. Smith will continue to be considered for release pursuant to recent amendments made to 8 C.F.R. §241.4. Exh 11.

### Procedural History

Smith filed his habeas corpus petition in February 2001 in the United States District Court for the Southern District of New York at Civil Number 01:CV-3179. On April 16, 2001, Judge

Mukasey transferred the case to the Middle District of Pennsylvania. In the same order, the court stayed Smith's removal.

On May 18, 2001, this Court directed the government to reply to the habeas petition.

### Question Presented

Should the stay of removal be vacated and the habeas petition be dismissed in that Smith has no standing to challenge §1226(c); Smith is being properly detained with the Court having no jurisdiction to review the discretionary decision to continue to detain Smith; and Smith was properly found ineligible for cancellation of removal?

### Argument

**THE STAY OR REMOVAL SHOULD BE VACATED AND THE HABEAS PETITION SHOULD BE DISMISSED IN THAT SMITH HAS NO STANDING TO CHALLENGE §1226(C); SMITH IS BEING PROPERLY DETAINED WITH THE COURT HAVING NO JURISDICTION TO REVIEW THE DISCRETIONARY DECISION TO CONTINUE TO DETAIN SMITH; AND SMITH WAS PROPERLY FOUND INELIGIBLE FOR CANCELLATION OF REMOVAL.**

**A.    Smith Has No Standing to Challenge 8 U.S.C. §1226(c).**

Smith's first claim is that the mandatory detention provisions of 8 U.S.C. §1226(c) are unconstitutional. Preliminarily, we note that once an alien is in removal proceedings, the alien is subject to various detention provisions under the Immigration and Naturalization Act ("INA"). Section §1226(c) of the INA, 8 U.S.C. §1226(c), explicitly covers detention "*pending a decision* on whether an alien is to be removed from the United States." In contrast, 8 U.S.C. §1231(a) governs detention *after a final order of removal* is entered.

4

Smith has a final order of removal and, thus, is being detained pursuant to the statutory provisions of §1231(a). Since Smith is not being detained under §1226(c), he has no standing to challenge its constitutionality. See <u>Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 474-75 (1982)(to establish standing, the courts require (1) that the injury alleged not be a "generalized grievance" that is "shared in substantially equal measure by all or a large class of citizens," (2) that the plaintiff assert his/her own legal rights rather than those of other parties, and (3) that "the plaintiff's complaint ... fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.")(internal quotation marks omitted); <u>Gladstone, Realtors v. Village of Bellwood</u>, 441 U.S. 91, 99-100 (1979)(courts require plaintiffs to satisfy certain prudential concerns in an effort "to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to those litigants best suited to assert a particular claim."). Therefore, Smith's challenge to §1226(c), which is not impacting him in the least, should be dismissed.

**B.    Smith Is Being Properly Detained with the Court Having No Jurisdiction to Review the Discretionary Decision to Continue to Detain Smith.**

    **1.    The Statutory and Regulatory Provisions Governing Detention Pending Deportation.**

Under 8 U.S.C. §1226(c) and §1231(a)(1),(2), the Attorney General[2] must detain criminal aliens during removal proceedings and during the initial 90 days after the entry of a final order of removal.  After the 90-day removal period, §1231(a)(6) of the Immigration and Naturalization Act authorizes the Attorney General to detain criminal aliens and any alien "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. §1231(a)(6).  An alien seeking release from custody must demonstrate by clear and convincing evidence that he or she is not a threat to the community and is likely to comply with the removal order when it can be executed -- with a number of factors to be considered by the district director.  8 U.S.C. §1231(a)(6).

Initially, the INS implemented the detention provisions contained in §1231 through the regulations found at 8 C.F.R. §241 and "interim" custody review procedures established by the INS; the latter custody review was known as a "Pearson review."  See Ngo v. Immigration and Naturalization Service, 192 F.3d 390, 400-401 (3rd

---

    [2]    The Act references the authority of the Attorney General, which has been duly delegated to the INS and other branches of the Executive Office for Immigration Review.  8 C.F.R. §§2.1, 100.2(a).

Cir. 1999)(Appendix).  Effective December 21, 2000, however, new regulations were promulgated by INS to provide permanent, plus more comprehensive, review procedures to govern the detention of criminal, inadmissible, and other aliens who had received a final order of removal but whose departure could not be effected.  See 65 Fed. Reg. 246 (2000)(to be codified at 8 C.F.R. pts. 212, 236, and 241).  These procedures now govern the review of Smith's custody status.

The new regulations establish a custody review program modeled after the regulations establishing the Cuban Review Plan, which governs the review of excludable Mariel Cubans who are in INS custody and whose removal to Cuba is not currently possible or practicable.  See 8 C.F.R. §212.12.  These new regulations permit a comprehensive and fair review of the continued detention of aliens through a process that "is intended to balance the need to protect the American public from potentially dangerous aliens, who remain in the United States contrary to law  with the humanitarian concerns arising from another country's unjustified delay or refusal to accept the return of its nationals."  65 Fed. Reg. at 80282.

The new procedures consist of a review by the district director of the alien's records and any written submissions submitted by or on behalf of the alien to the district director, or any other relevant evidence, prior to the expiration of the 90-day

removal period.  8 C.F.R. §241.4(h)(1), as amended, 65 Fed. Reg. at 80296.  The district director may, in his or her discretion, schedule a personal or telephonic interview with the alien as part of the custody review determination.  Id.

The district director must provide written notification to the alien regarding whether the alien will continue to be detained pending removal or will be released.  8 C.F.R. §241.4(k)(1), as amended, 65 Fed. Reg. at 80297.  When release is denied pending the alien's removal, the district director, in his or her discretion, may retain the responsibility for custody determinations for up to three months after expiration of the 90-day removal period, during which time the district director may conduct such additional review of the case as he or she deems appropriate.  8 C.F.R. §241.4(k)(1), as amended, 65 Fed. Reg. at 80297.  The district director may release the alien if the alien is not removed within this time frame or the district director may refer the matter to INS Headquarters Post-Order Detention Unit (HQPDU) for further custody review.  8 C.F.R. §241.4(k)(1), as amended, 65 Fed. Reg. at 80297.

If the alien is continued in custody following the 90-day review and the alien has not been removed within three months of the district director's decision, authority over the custody determination transfers to the Executive Associate Commissioner at INS headquarters.  8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg.

at 80297. The initial HQPDU review ordinarily will be conducted at the expiration of the three-month period after the 90-day review or as soon thereafter as practicable and the alien will be provided with approximately 30 days notice of that review. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297.

Subsequent reviews for a detainee ordinarily will be commenced within approximately one year of a decision by the Executive Associate Commissioner declining to grant release. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297. Not more than once every three months in the interim between annual reviews, the alien may submit a written request to the HQPDU for release consideration based on a proper showing of a material change in circumstances since the last annual review. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297. The regulation requires the HQPDU to respond in writing within approximately 90 days. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297.

The new regulation also provides that the annual reviews conducted by HQPDU shall be by a two-person panel (requiring a unanimous vote) or three-person panels (requiring a majority vote) that will make recommendations to the Executive Associate Commissioner regarding whether an alien should be released or continue to be detained. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297. At the beginning of each annual review, a review panel member will do a record review and, if the Director of

9

the HQPDU does not accept a panel's recommendation to grant release following a records review or if the alien is not recommended for release, a review panel shall personally interview the detainee. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297. The alien, with limited exceptions, may be accompanied during the interview by a person of his choice. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297. The alien may submit to the review panel any information that the alien believes presents a basis for his or her release. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297. The panel's recommendation is required to be in writing and is to include a brief statement of the factors the review panel deems material to its recommendation. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297. The Executive Associate Commissioner is not bound, however, by the review panel's recommendation. 8 C.F.R. §241.4(k)(2), as amended, 65 Fed. Reg. at 80297.

To release an alien, the decision-maker must conclude that: (1) travel documents for the alien are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practicable or not in the public interest; (2) the detainee is presently a non-violent person; (3) the detainee is likely to remain non-violent if released; (4) the detainee is not likely to pose a threat to the community if released; (5) the detainee is not likely to violate the conditions of release; and

(6) the detainee does not pose a significant flight risk if released.  8 C.F.R. §241.4(e), as amended, 65 Fed. Reg. at 80295. A list of factors for the district director, review panel, and Executive Associate Commissioner to consider in making their recommendations or decisions is provided at  8 C.F.R. § 241.4(f), as amended, 65 Fed. Reg. at 80295-96.

   2.   **Smith is Being Properly Detained**.

        In his habeas petition, Smith makes no specific challenge to his detention.  If Smith is claiming that the post-final order detention provisions are unconstitutional, the prior interim detention provisions and the Mariel Cuban detention regulations, upon which the current detention regulations are based, have been found to be constitutional by a number of courts.  See, e.g., Ho v. Green, 204 F.3d 1045 (10th Cir. 2000); Ngo v. Immigration and Naturalization Service, 192 F.3d 390 (3rd Cir. 1999); Parra v. Perryman, 172 F.3d 954, 958 (7th Cir. 1999); Guzman v. Tippy, 130 F.3d 64 (2nd Cir. 1997); Gisbert v. U.S. Attorney General, 988 F.2d 1437, 1447 (5th Cir. 1993); Alvarez-Mendez v. Stock, 941 F.2d 956 (9th Cir. 1991); Garcia-Mir v. Meese, 788 F.2d 1446 (11th Cir. 1986); Palma v. Verdeyen, 676 F.2d 100, 103-104 (4th Cir. 1982); In re Mariel Cubans, 822 F.Supp. 192, 195-96 (M.D.Pa. 1993)(continued detention pending deportation does not violate aliens' due process rights).  The current detention regulations permitting annual

11

consideration of an alien's suitability to be released likewise are constitutional.[3]

If Smith is arguing that the INS erred in its January 29, 2001 decision to continue to detain him, then this Court does not have jurisdiction to address Smith's argument.  The INA, 8 U.S.C. §1252(a)(2)(B)(ii), provides that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any other decision or action of the Attorney General the authority for which is specified under this title to be in the discretion of the Attorney General...."  Thus, the courts have no jurisdiction to review a discretionary decision of the INS.  See Matsuk v. INS, 247 F.3d 999, 1002 (9th Cir. 2001); Van Dinh v. Reno, 197 F.3d 427, 433-34 (10th Cir. 1999); Yang v. INS, 109 F.3d 1185, 1197 (7th Cir. 1997) (Congress need not provide for judicial review of discretionary administrative decisions)(collecting cases).  See also Johnson v. Robison, 415 U.S. 361, 366-74 (1974)(a statute can prohibit review of a decision to limit benefits although it cannot bar challenges to the statute itself).  In that the decision to continue to detain

---

[3] Additionally, we note that the current statutory provisions governing the detention of aliens, including the new custody review regulations, are before the Supreme Court.  See Zadvydas v. Underdown, 185 F.3d 279 (5th Cir. 1999), cert. granted, 121 S.Ct. 297 (U.S. Oct. 10, 2000)(No. 99-7791); Ma v. Reno, 208 F.3d 815 (9th 2000), cert. granted, 121 S.Ct. 297 (U.S. Oct. 10, 2000)(No. 00-38).  A decision concerning the constitutionality of the provisions is expected to issued by June 30, 2001.

Smith is a discretionary decision, this Court lacks jurisdiction to hear any challenge to that decision.

## C.   Amendments to the INA Apply to Smith.

Smith's last argument is that amendments to the INA that prevent him from being considered for cancellation of removal, a form of discretionary relief, due to his having been convicted of an aggravated felony, see 8 U.S.C. §1229b(a), cannot be applied to him.   Smith relies upon St. Cyr v. INS, 229 F.3d 406 (2nd Cir. 2000), *cert granted*, 121 S.Ct. 848 (2001), to argue that the repeal of discretionary relief does not apply retroactively to him.

First, St Cyr's holding, which is that the bar to discretionary relief from removal cannot apply retroactively to *pre-enactment* guilty pleas, does not apply to Smith because his conviction occurred in 1997 -- **after** the enactment of AEDPA and IIRIRA.   Second, the Third Circuit has held to the contrary of the Second Circuit.   See DeSousa v. Reno, 190 F.3d 175, 185-87 (3rd Cir. 1999)(Congress can constitutionally expand the definition of "aggravated felony" to encompass a greater variety of crimes that would make an alien deportable).   In that Third Circuit law governs this case, DeSousa controls this case -- at least for the time being.   We note, however, that St. Cyr is pending review before the Supreme Court, with a ruling expected to be issued by June 30, 2001, such that the issue should be resolved definitively within the next few weeks.

13

## Conclusion

For the above-stated reasons, the April 16, 2001 stay of removal should be vacated and the habeas petition denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date:   June 7, 2001

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK ANTHONY SMITH, | : | |
| Petitioner | : | No. 1:CV-01-0712 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| IMMIGRATION AND NATURALIZATION | : | |
| SERVICE, | : | |
| Respondent | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 7th day of June, 2001, she served a copy of the attached

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Mark Anthony Smith, 55938
York County Prison
3400 Concord Road
York, PA  17402

KATE L. MERSHIMER
Assistant U.S. Attorney