# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ANTHONY SMITH, | : | |
| Petitioner | : | No. 1:CV-01-0712 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| IMMIGRATION AND NATURALIZATION | : | |
| SERVICE, | : | |
| Respondent | : | |

FILED
HARRISBURG

JUN 0 7 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

EXHIBITS IN SUPPORT OF
RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
717/221-4482

Dated:  June 7, 2001

# EXHIBIT - 1




**U.S. Department of Justice**

Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No. _____ A31 407 555

In the Matter of:

Respondent: _____ SMITH, Mark Anthony _____ currently residing at:

Nassau County Jail, 100 Carman Ave., East Meadow N.Y., 11554 _____ N/A

(Number, street, city, state and zip code)                         (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

### SEE ATTACHED I-831 FOR ALLEGATIONS

On the basis of the forgoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

### SEE ATTACHED I-831 FOR PROVISION(S) OF LAW

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE

(Complete Address of Immigration Court, Including Room Number, if any)

| on | TO BE CALENDERED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE | at | TO BE CALENDERED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE | to show why you should not be removed from the United States based on the charge(s) set forth above. |
|---|---|---|---|---|
| | (Date) | | (Time) | |

Acting Deputy Assistant District Director for
Investigations
(Signature and Title of Issuing Officer)

Date: _____ 8-25-99 _____

New York, New York
(City and State)

## See reverse for important information

Form I-862 (Rev. 3-22-99)

Exu. 1



# Notice to Respondent

**Warning:  Any statement you make may be used against you in removal proceedings.**

**Alien Registration:**  This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

**Representation:**  If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel.  A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:**  At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case.  If any document is in a foreign language, you must bring the original and a certified English translation of the document.  If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.  At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear.  You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.  At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.  You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily.  You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:**  You are required to provide the INS, in writing, with your full mailing address and telephone number.  You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding.  You will be provided with a copy of this form.  Notices of hearing will be mailed to this address.  If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing.  If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing.  I waive my right to have a 10-day period prior to appearing before an immigration judge.

_(Signature of Respondent)_

Before:

_(Signature and Title of INS Officer)_

Date:  __10/12/99__

---

### Certificate of Service

This Notice to Appear was served on the respondent on __10/12/99__ in the following manner and in
_(Date)_

compliance with section 239(a)(1)(F) of the Act:

☒ in person                 ☐ by certified mail, return receipt requested                 ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in __ENGLISH__ language of the time and place of his or the hearing and of consequences of failure to appear as provided in section 240(b)(7) of the Act.

_(Signature of Respondent if Personally Served)_          _(Signature and Title of Officer)_

Form I-862 (Rev. 3-22-99)

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form   I-862

| Alien's Name SMITH, Mark Anthony | File Number A31 407 555 | Date 8-25-99 |
|---|---|---|

## ALLEGATIONS:

1. You are not a citizen or national of the United States;

2. You are a native of Jamaica and a citizen of Jamaica;

3. You entered the United States at or near New York, New York on or about January 28, 1971 as a Lawful Permanent Resident;

4. You were convicted of the crime of Attempted Burglary in the Second Degree in violation of section 110/140.25 of the New York State Penal Law pursuant to a judgment entered on or about June 4, 1997 by the County Court of the State of New York, County of Nassau, under Indictment #91286-95;

5. For this crime you have been sentenced to a term of imprisonment of at least one year.

## CHARGE:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(G) of the Act.

## A.K.A:

| Signature | Title Acting Deputy Assistant District Director for Investigations |
|---|---|

# EXHIBIT - 2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
York, Pennsylvania

File No.:  A 31 407 555                    January 6, 2000

In the Matter of              )
                              )
MARK ANTHONY SMITH            )      IN REMOVAL PROCEEDINGS
                              )
          Respondent          )

CHARGE:        237(a)(2)(A)(iii).

APPLICATIONS:  212(c); cancellation of removal; termination.

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Sandra Greene, Esquire            Maureen Gaffney, Esquire
144 Roosevelt Avenue              Assistant District Counsel
Suite 202
York, Pennsylvania  17404

## ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent is a 39-year-old single male alien, a native and citizen of Jamaica, who immigrated to the United States on January 28, 1971 as a lawful permanent resident of the United States.  On October 12, 1999, the respondent was served a Notice to Appear, Form I-862, alleging his removability under the above set forth ground.  The Court notes that the Service, in allegation no. 4 and no. 5, indicated that the respondent had a June 4, 1997 conviction in the State of New York for attempted burglary, second degree, pursuant to Section 110-140.25 New York State Penal Code.

The respondent has appeared in Court today with counsel of record who has made a number of applications and motions before

1

Exh. 2

the Court.  The first motion is for termination.  The Court has
denied her motion for termination in this regard.  The Court
finds that there is no need for a federal condition to bring the
respondent under that class of alien as defined or described in
Section 101(a)(43)(G) of the Immigration and Nationality Act.  He
has a conviction in the State of New York for attempted burglary.
The attempted element under the statute is satisfied with
subsection (u) under 101(a)(33), so that is neither here nor
there.  His sentence imposed exceeds one year as per the
Service's documentation in this case at tab B.  Based upon the
Court's finding in this regard that he has a sentence and the
sentence imposed exceeds one year, it satisfies the statute's
requirements under 101(a)(48) and otherwise meets all of the
factors required for a finding of an aggravated felony as
defined.

The respondent has made an application for a Section 212(c)
waiver.  The Court will pretermit such waiver application as
212(c) is no longer available for those aliens under removal
proceedings.  The Court will note that the 3rd Circuit's decision
in Sandoval v. INS is not applicable as that decision is
restricted to deportation proceedings that were pending at the
time of the implementation of the Illegal Immigration Reform and
Immigrant Responsibility Act of 1996, which is not applicable to
this case.

Further, the respondent is statutorily precluded for

A 31 407 555                    2              January 6, 2000

cancellation of removal as an immigrant pursuant to Section
240A(a).  As there is no other relief available to the
respondent, and as no relief has been requested, the following
order will be entered:

ORDER

IT IS HEREBY ORDERED that the respondent be removed from the
United States to Jamaica pursuant to the charge set forth in the
Notice to Appear.


_____
WALTER A. DURLING
Immigration Judge

# EXHIBIT - 3

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:

Smith, Mark Anthony

**RESPONDENT**

S. Greene, Esq.

Case No.: A _31-407-555_

Docket: _York, Pa_

IN ~~DEPORTATION~~ PROCEEDINGS
_Removal_

### ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _1-6 2020_ .
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

[✓] The respondent was ordered deported to _Jamaica_ .

[ ] Respondent's application for voluntary departure was denied and respondent was ordered deported to
_____ or in the alternative to_____ .

[ ] Respondent's application for voluntary departure was granted until _____ , with an alternate
order of deportation to _____ or _____ .

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for waiver under Section_____ of the Immigration and
Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for_____ was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Proceedings were terminated.

[ ] The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied
( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents
necessary to give effect to this order.

[ ] Respondent's status was rescinded under Section 246.

[ ] Other _____

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the
Immigration Judge's oral decision.

_Appeal: Respondent_
_2/7/00_

_W Dunlap_
Immigration Judge

Date: _Jan 6, 2003_

Form EOIR - 37
MAR. 93

Ex.4-3

# EXHIBIT - 4

 

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Greene, Sandra L.**
**1251 Wallace Street, Suite #3**
**YORK, PA 17403-0000**

**INS LIT./York Co. Prison/YOR**
**3400 Concord Road**
**York, PA 17402**

**Name: SMITH, MARK ANTHONY**

**A31-407-555**

**Date of this notice: 06/28/2000**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
    DUNNE, MARY M.
    GUENDELSBERGER, JOHN
    HOLMES, DAVID B.

Exh. 4

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A31 407 555 - York

Date:    JUN 28 2000

In re:   MARK ANTHONY SMITH a.k.a. Mark Smith

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Sandra Greene, Esquire

ON BEHALF OF SERVICE:      Maureen C. Gaffney
                           Assistant District Counsel

CHARGE:

    Notice:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                    Convicted of aggravated felony

APPLICATION:   Termination; cancellation of removal; waiver of inadmissibility


ORDER:

    PER CURIAM.  In a decision dated December 23, 1999, an Immigration Judge found the respondent removable as charged and statutorily ineligible for cancellation of removal, waiver of inadmissibility, and adjustment of status.  The Immigration Judge also determined that a waiver of inadmissibility pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) was not available in removal proceedings.  The Immigration Judge ordered the respondent removed and deported to Jamaica.[1]  The respondent appealed.  The respondent's request for oral argument is denied.  8 C.F.R. § 3.1(e).  The appeal is dismissed.

    On appeal, the respondent contends that he has not been convicted of an aggravated felony.  The respondent asserts that the Immigration Judge erred in pretermitting the respondent's applications for cancellation of removal and a section 212(c) waiver of inadmissibility.

---

[1] While the respondent did not designate a country of removal (Tr. at 13), the respondent did not allege that he had a fear of persecution or torture if returned to Jamaica.

A31 407 555

The record reflects that the respondent was admitted to this country on January 28, 1971, as a lawful permanent resident (Form I-68; Tr. at 9). On March 25, 1996, the respondent was convicted of attempted burglary second degree in violation of section 110 (regarding attempts) and 140.25(2)[2] of the New York State Penal Law (Certificate of Disposition). The respondent was originally sentenced to 6 months imprisonment and 5 years probation but was subsequently sentenced to 1 1/3 years to 4 years imprisonment after violating the terms of his parole (Certificate of Disposition). Therefore, we find that the Immigration Judge properly concluded that the respondent's conviction is an aggravated felony. *See* sections 101(a)(43)(G) and (U) of the Act.

In light of the respondent's aggravated felony conviction, the respondent is ineligible for cancellation of removal. Section 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3). Also, the record reflects that the respondent is in removal proceedings (Exh. 1, Form I-862). A waiver of inadmissibility under section 212(c) of the Act is not a form of relief that is available in removal proceedings. *See* section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009. Accordingly, the appeal is dismissed.

FOR THE BOARD

---

[2] New York State Penal Law section 140.25 provides that

A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:

1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
    (a) Is armed with explosives or a deadly weapon; or
    (b) Causes physical injury to any person who is not a participant in the crime; or
    (c) Uses or threatens the immediate use of a dangerous instrument; or
    (d) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or
2. The building is a dwelling.
Burglary in the second degree is a class C felony.

2

**EXHIBIT - 5**

 

**U.S. Department of Justice**
Immigration and Naturalization Service

*3400 Concord Road*
*York, PA 17402*

July 18, 2000

Consulate General of Jamaica
767 3rd Avenue
New York, NY 10017

Dear Mr. Downer,

Please accept this letter as a request for an emergency travel document on behalf of **Mr. Mark Anthony SMITH A31 407 555**, a citizen and national of Jamaica.

**Mr. Smith** was ordered removed from the United States by the Board of Immigration Appeals on June 28, 2000 for the offense of Burglary 2nd. He is now in INS custody and is ready to return to his native country of Jamaica.

Once your office informs the Service that a travel document is ready, an itinerary will be confirmed and faxed to you. Because **Mr. Smith** is detained at Service expense, a timely response would be appreciated.

Should you need any further information to assist you in this or any other matter, please contact Deportation Officer Jeffrey D. Lynch at 717-840-7245 or fax 717-840-7254. Travel documents and other correspondence may be mailed to 3400 Concord Road, York, Pennsylvania 17402

Very truly yours,

Theodore R Nordmark

Theodore R. Nordmark
Assistant District Director for Deportation

enclosure:    Notice To Appear
              I-205 Warrant of Deportation
              Immigration Judge's order of removal
              Photographs
              Fingerprints
              Supporting Documentation

Exh. 5

# EXHIBIT - 6





**U.S. Department of Justice**
Immigration and Naturalization Service

*3400 Concord Road*
*York, PA 17402*

September 15, 2000

Consulate General of Jamaica
767 3rd Avenue
New York, NY 10017

Dear Mr. Downer,

　　Please accept this letter as a follow-up request for an emergency travel document on behalf of **Mr. Mark Anthony SMITH A31 407 555**, a citizen and national of Jamaica.

　　Travel document requests have been submitted to your office on July 18, 2000. If additional documentation is needed, it will be provided without delay.

　　Once your office informs the Service that a travel document is ready, an itinerary will be confirmed and faxed to you. Because **Mr. Smith** is detained at Service expense, a timely response would be appreciated.

　　Should you need any further information to assist you in this or any other matter, please contact Deportation Officer Jeffrey D. Lynch at 717-840-7245 or fax 717-840-7254. Travel documents and other correspondence may be mailed to 3400 Concord Road, York, Pennsylvania 17402

Very truly yours,

Theodore R. Nordmark
Assistant District Director for Deportation

Exh. 6

# EXHIBIT - 7

 

**U.S. Department of Justice**
Immigration and Naturalization Service

_3400 Concord Road_
_York, PA 17402_

February 5, 2001

Consulate General of Jamaica
767 3rd Avenue
New York, NY 10017

Dear Mr. Downer,

Please accept this letter as an updated request for an emergency travel document on behalf of **Mr. Mark Anthony SMITH A31 407 555**, a citizen and national of Jamaica.

A travel document request was submitted to your office on July 18, 2000 and September 15, 2000. If additional documentation is needed, it will be provided without delay.

Once your office informs the Service that a travel document is ready, an itinerary will be confirmed and faxed to you.  **Mr. Smith** is detained at Service expense. Accordingly, all parties involved would appreciate a timely response.

Should you need any further information to assist you in this or any other matter, please contact Deportation Officer Jeffrey Lynch at 717-840-7245 or fax 717-840-7254.  Travel documents and other correspondence may be mailed to 3400 Concord Road, York, Pennsylvania 17402.

Very truly yours,

Theodore R. Nordmark

Theodore R. Nordmark
Assistant District Director for Deportation

EXH-7

# EXHIBIT - 8



 767 THIRD AVE.
NEW YORK, NY 10017
TEL: (212) 935-9000
FAX: (212) 935-7507
Cable: "JAMCONGEN", NEW YORK
Web: www.jamcongen-ny.org
E-mail: registry@jamcongen-ny.org

# CONSULATE - GENERAL OF JAMAICA

7/05

March 21, 2001

Mr. Theodore R. Nordmark
Assistant District Director for Deportation
3400 Concord Road, York, PA. 17402

Dear Mr. Nordmark:

Reference is made to your letter dated March 5, 2001 concerning a request for travel document for the following persons:

Lammond Wright – A303 435 21

Mark Smith      – A314 075 55

Seymour Pitter   – A356 830 37

Elijah Graham    – A211 189 64

Michael Chambers – A356 044 88

Kindly forward new presentations for Messrs. Graham and Wright, as we do not have a record of receiving them. With respect to Messrs Chambers and Smith, please be advised that the Consulate is still conducting investigations on their cases.

Sincerely,

Lincoln Downer
Vice Consul

Exu. 8

# EXHIBIT - 9

# POST ORDER CUSTODY REVIEW WORKSHEET OR FILE REVIEW AND/OR INTERVIEW

**Detainee Name:** SMITH, Mark Anthony          **"A" Number:** A31 407 555

**Date of Birth:** 08/06/1960          **AKAs:** None          **BOP Number:** N/A

**Country of Birth:** Jamaica          **Citizenship:** Jamaica

**Date of Arrival:** 01/28/1971          **Place of Arrival:** New York, NY

**Manner of Arrival:** Immigrant          **Last Date into INS Custody:** 10/17/1999

**Entered INS Custody from:**   ☒ **Local**   ☐ **State**   ☐ **Federal Institution**
                               ☐ **Other**

**Location:**   Nassau County Sheriff's Dept.          **Institution Number:** 85090178
              100 Carmen Avenue
              East Meadow, New York  11554

**Immigration History:**  (Prior INS arrest[s]/parole/bond/custody information)

   Describe:   Entered the U.S. on 1/28/71 as an immigrant/NTA issued on 8-25-99/
              IJ ordered removed on 1-6-00/SUBJECT filed an appeal/Appeal was
              Dismissed on 6-28-00

---

**Deportation Officer:** Christine D. Church          **Date of Review:**   12/10/2000

**Location Detained:**   York County Prison
                        3400 Concord Road
                        York, PA  17402

---

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☒   Section 237 (a)(2)(A)(iii)
                        ☐   Section 212 (a)       ,   ,
                        ☐   Section 241           ,   ,

☒   Under <u>Final Order</u> dated 6/28/2000  by ☐ IJ  ☒ BIA  ☐ Other

☐   Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**
      7/18/00:  TD request sent to Jamaican Consulate
      9/15/00:  TD request sent to Jamaican Consulate

Ex4-9

## Legal Representative / Attorney

**G-28 Filed:**  ☒ Yes   ☐ No

**Legal Rep/Atty. Notified of Interview:**   ☐ Yes   ☒ N/A   by:
on:

**Name of Representative / Attorney:**   Sandra Greene, Esq.

**Mailing Address:**  140 Roosevelt Ave., #202   **Telephone Number:**  (717)812-9080
York, PA  17404

**Present during interview:**   ☐ Yes   ☐ No

## Criminal History

**Outside the United States:**   Unknown
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**   Yes

**NCIC Checks:**   ☒ Criminal History   ☐ No record Found
(State and Federal)

**FBI#** 829087DA9                **SID#** NY-5432748R
Summary of NCIC Checks:
4-25-85/Criminal Trespassing/Disposition Unknown
11-30-94/Attempted Burglary/Sentenced to 6 months jail-5 years probation
4-8-97/Petit Larceny/Sentenced to Time Served
6-4-97/Convicted of Violation of Probation for Attempted Burglary/Sentenced to
1 1/3 – 4 years incarceration

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**   ☐ Yes   ☐ No

If Yes, List & Describe:   Unknown

Source:

**Disciplinary reports and Incidents while in INS Custody?**   ☒ Yes   ☐ No

If Yes, List & Describe:

12-30-99/Lying/Disrespect/Found Guilty/Removed from hall worker position
9-22-00/Contraband (inmate roster)/Admitted Guilty/3 days POD restriction

## Specifics of Interview

**Date of File Review:**          12/10/2000

**Date of Detainee Interview:** N/A

**Location of Interview:**

**Interviewing Officer:**#1:

                    #2:     (optional)

**Interpreter Used:** ☐ Yes     ☐ No      Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?**  ☒ Yes     ☐ No

    Address:      Westbury, New York (exact address unknown)

**Is the detainee subject to any parole or probation requirements?**  ☐ Yes   ☒ No

    Describe:

**Does the detainee have close family ties within the United States?**  ☒ Yes   ☐ No

    Describe:      Hilugene SMITH/brother

**Does the detainee have any community ties or non-governmental sponsors?**

                 ☐ Yes     ☒ No
    Describe:

**Does the detainee have any employment prospects?**  ☐ Yes     ☐ No

    Describe:      Possibly can go back to work at his old job at the Old Westbury Golf and
                 Country Club, Westbury, New York

**What is the detainee's employment history?**

    Describe:      Previously worked for Old Westbury Golf and Country Club, Westbury,
                 New York

**What is the detainee's educational level?**

    Describe:      Unkown

**Does the detainee have any vocational training?**

    Describe:   Unknown

Interviewing Officer #1:
Christine D. Church

Date: 12/18/00          (Detain)          Release

Interviewing Officer #2:          Date: _____          Detain          Release

Reviewed by:          Date: 1/26/01          (Concur)  Do Not Concur

---

## DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

       Bond Amount: _____

☒    CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office:                    Phila, PA

Signature of District Director:                    Date: 01/29/01
or of District Director's Designee          JP Sallem, DAM

       (Printed Name & Title)

## *Medical/Psychological Concerns*

**Medical/Psychological Report :** ☐ In A-File  ☐ None  ☐ Not Available

**Date and Source:**

**Summary:**

**Other documentary evidence for consideration in this review:**

Letter from SUBJECT's brother, Hilugene SMITH offering SUBJECT as place to live.

## Discussion at Interview

**Notes:**  N/A

The INS detainee was found  ☐ **CREDIBLE**   ☐ **NOT CREDIBLE**
**Explain:**  N/A

## Officer Comments/Analysis & Recommendation

SUBJECT has had two disciplinary reports while in Service custody, one of which he lied and disrespected staff.  SUBJECT was convicted of attempted burglary in which he received 5 years probation.  He violated his probation by committing a felony, to wit:  petit larceny.  Although SUBJECT has not been convicted of any violent crimes, he failed to demonstrate that he could abide by society's laws even when given a second chance.  SUBJECT has not provided the Service with any evidence of rehabilitation.

SUBJECT did not provide evidence of an exact address as to where he plans to reside and a place of employment.  SUBJECT failed to provide evidence as to strong family ties and commitments in his community.  Given SUBJECT's lack of a verifiable address and employment offer, I find that he is a flight risk.

I recommend that SUBJECT continue to be detained in Service custody.

# EXHIBIT - 10



1600 Callowhill Street
*Philadelphia, PA 19130*

Mark SMITH                                    A# 31 407 555
C/O York County Prison
#55938, Housing #NNB-2B
3400 Concord Road
York, PA 17402

## Decision to Continue Detention
## Following File Review

    This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (INS) and that you will not be released from custody at this time.

    This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

    A review of the record indicates that you have the following criminal arrest history:

        4-25-85/Criminal Trespassing/Disposition Unknown
        11-30-94/Attempted Burglary/Sentenced to 6 months jail-5 years probation
        4-8-97/Petit Larceny/Sentenced to Time Served
        6-4-97/Convicted of Violation of Probation for Attempted Burglary/Sentenced to
        1 1/3 – 4 years incarceration

    You have received two misconduct reports since your custody at York County Prison. You have not taken advantage of rehabilitative programs available to you. You have failed to demonstrate that you can abide by society's laws even when given a second chance.

    The INS will conduct another review of your custody status within six months of the date of this notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact, <u>Deportation Section</u> at:

<u>    York County Prison, York, PA    </u>
        (Address)

_Charles W. Zenshing_        _1/29/01_
Signature of District Director/Designated Representative    Date

(Page 1 of 2)

Exh- 10

# PROOF OF SERVICE

**(1)**    **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I    Christine D. Church    ,    Deportation Officer    ,
<u>Name of INS Officer</u>                                                    <u>Title</u>

certify that I served    Mark Smith    with a copy of
<u>Name of detainee</u>

this document at    York County Prison    on 2/5/01 , at 9:30am .
<u>Institution</u>                                      <u>Date</u>              <u>Time</u>

(b)    I certify that I served the custodian    Thomas Hogan    ,
<u>Name of Official</u>

Warden    , at    York County Prison    , on
<u>Title</u>                                      <u>Institution</u>

2/5/01    with a copy of this document.
<u>Date</u>

## OR

**(2)**    **Service by certified mail, return receipt.  (Attach copy of receipt)**

I    ,    , certify
<u>Name of INS Officer</u>                                  <u>Title</u>

that I served    and the custodian    .
<u>Name of detainee</u>                          <u>Name of Official</u>

with a copy of this document by certified mail at    on    .
<u>Institution</u>              <u>Date</u>

( ) CC: Attorney of Record or Designated Representative
( ) CC: A-File

# EXHIBIT - 11

 

**U.S. Department of Justice**
Immigration and Naturalization Service

_1600 Callowhill St._
_Philadelphia, PA 19130_

Mark Anthony Smith
C/O York County Prison
#55938; Housing NNB-2B
3400 Concord Road
York, PA  17402

A# 31 407 555

Dear Sir:

On December 21, 2000, regulations were promulgated governing aliens whose removal from the United States is not immediately possible.  These regulations are codified in Chapter 8 Code of the Federal Regulations, Section 241.4 and supercede the interim procedures that governed these cases prior to that date.

Please be advised that under these rules, the statutory authority to issue custody determinations in your case has been transferred to the Headquarters Post Order Detention Unit (HQPDU).  The responsibility for conducting all future reviews in your case will also be maintained by the Unit.

All inquiries regarding your present custodial status should be directed to the local INS office having jurisdiction over your present place of confinement and, in duplicate, to the following address:

INS Enforcement
801 I Street, NW – Suite 800
Washington, D.C.  20536

Attn:  Headquarters Post Order Detention Unit

The Headquarters Post Order Detention Unit will, at the earliest convenience, provide you with written notification regarding the specifics of your next review.  It is in your best interest to maintain proper behavior while awaiting this action.

Sincerely,

Charles W. Zemski
Acting District Director
Philadelphia District

(Page 1 of 2)                    Erex. 11

**Notice to Alien of Interview for Review of Custody Status**
**Page 2**
(Mark Anthony SMITH    A31 407 555)

I do __☒__ do not _____ want a personal interview.

**If you do want an interview, please check the appropriate box(es) below:**

☐    Check this box if you need an interpreter for your interview.
Language/Dialect: _____

☐    I will be assisted at this interview by a representative of my own choosing.

Name:_____ I
understand I must notify this person of the time and place of my interview.  The representative
must be at least 18 years of age.

☒    I waive any representation.

You may submit any additional documentation you wish to be considered in support of your
release at the time of your interview.  English translations must be provided pursuant to 8 CFR
103.2(b)(3).

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I ____Christine D. Church____ , ____Deportation Officer____ ,
               Name of INS Officer                     Title
certify that I served ____Mark Anthony SMITH____ with a copy of
                                    Name of detainee
this document at ____York County Prison____ on _4/30/01_, at _9:35Am_.
                      Institution                  Date           Time

(b)    I certify that I served the custodian ____Thomas Hogan____ ,
                                          Name of Official
____Warden____ , at ____York County Prison____ , on
      Title                          Institution
_4/30/01_____ with a copy of this document.
  Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify
             Name of INS Officer              Title
that I served _____and the custodian _____.
             Name of detainee                 Name of Official
with a copy of this document by certified mail at _____ on _____.
                                       Institution        Date

( ) CC: Attorney of Record or Designated Representative
( ) CC: A File

# EXHIBIT - 12

## SENTENCE & COMMITMENT

CC 166  M-3274

STATE OF NEW YORK
(SUPREME) (COUNTY) COURT: COUNTY OF NASSAU

HON. *ABBEY BOKLON* PRESIDING

COURT REPORTER *J. GILL*

THE PEOPLE OF THE STATE OF NEW YORK
-vs-
*MARK SMITH*          *97 R 5106*

(Ser) (Indictment) Felony Number *91286 (Fel # 3421-8-94*

Indicted for: *Burglary 2°*

| M | 8-6-60 | 5432 748 R |
|---|---|---|
| SEX | DATE OF BIRTH | NYSID NUMBER |

____ To be held until judgment of this Court is satisfied.

Date crime committed: *10-28-94* Date of Arrest *11-30-94*

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED OF A (FELONY) (MISD) BY (PLEA) (VERDICT) FOR THE CRIME(S) OF
(Conviction) (Sentence)

| Crime | # of Counts | Law | Section | Minimum Term (yrs) | Maximum Term (yrs) | Definite Determinate Term |
|---|---|---|---|---|---|---|
| 1. *ATT. BURGLARY 2°* | *1* | *P.L.* | *110-140.25(2)* | *1½* | *4* | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |

____ Convicted as a Juvenile Offender    ____ Age at time crime committed

____ Convicted as an armed felon.

____ The sentence(s) imposed herein shall run:

Concurrently with: _____

Consecutively To: _____

**RECEIVED**

JUL 29 1997

ULSTER
~~CORRECTIONAL FACILITY~~

____ Found to be a YOUTHFUL OFFENDER.

____ As a (second) (persistent) (violent) felony offender.

✓ A mandatory surcharge in the amount of $ *150⁻* and has (has not) been paid.

✓ A crime victims assistance fee in the amount of $ *5⁻* and has (has not) been paid.

*TO BE PAID FROM INMATE FUN...*

____ A fine of $_____ dollars.

AND THAT THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE

✓ Department of Correctional Services of the State of New York until released in accordance with the law, and being a (male) (female) person sixteen or older (County Sheriff) (NYS Department of Correctional Services) is directed to deliver (him) (her) to the custody of the NYS Department of Correctional Services provided in 7 NYCRR Part 103.

____ Division for Youth of the State of New York in accordance with the law being a (male) (female) person less than sixteen (16) years of age at the time of crime was committed.

____ _____ County Jail (correctional facility).

Remarks: *VOP RESENTENCE*
*PRIOR SENTENCE IS REVOKED*

| | | |
|---|---|---|
| ____ Amended commitment | ✓ Original sentence date *3, 25, 96* | |
| ✓ *6-4-97* | *Karen Murphy* | BY *Don Bateman*, *COURT CLERK* |
| (DATE) | (CLERK OF COURT) | (SIGNATURE) (TITLE) |

✓ Fourth Copy Forwarded to Board of Elections

WHITE – CORRECTION COPY
CANARY – CORRECTION COPY
PINK – COURT COPY
GOLDENROD – BOARD OF ELECTIONS  *289 POST AVE., WESTBURY N.Y. 11590*
Defendant's Address
Complete and Forward when Sentenced is a Felony PURSUANT TO SECTION 5-708 ELECTION LAW.

CONFIDENTIAL MATERIAL PURSUANT TO SECTION 390.50 CPL

## NASSAU COUNTY PROBATION DEPARTMENT
### CRIMINAL DIVISION

*97RS106*

### REPORT & RECOMMENDATION – VIOLATION OF PROBATION

To: Hon. Abbey L. Boklan, County Court

Prob. No.: 128214

Probationer: Mark Smith
Alias/True Name: Mark A. Smith

Docket No.: Ind 91286

DOB: 8/6/60

Original Charge: Burg 2° (C Fel)
Conv./Adjud.: Att Burg 2° (D Fel)
Sentence: Probation five years
Special Conditions: 180 days NCCC, ASP, therapy as directed, $155.00 by 7/26/96 as issued by the Court Clerk, Order of Protection for Robert Williams

Date: November 28, 1995
Date: March 25, 1996

Details of Violation of Probation:
The defendant has failed to report on 6/26/96, 7/1/96, 7/3/96, 7/10/96, 7/24/96, 7/29/96, 7/31/96, 8/12/96, 8/14/96, 8/19/96, 8/21/96, and 8/28/96, although directed to do so.

The defendant has failed to give proper verification of where he is residing.

⊛ 5/16/97  Δ Admits VOP BH Judge Boklan
⊛ 6/4/97  Prob sent revoked
    re-sent: DOCS 1⅓-4

Legal History & Pending Charges Since Sentenced to Probation:

| Date | Court | Charge | Conviction | Disposition |
|------|-------|--------|------------|-------------|
|      |       |        |            |             |

Adjustment On Probation & Recommendation:
The defendant was told he must report twice a week, as he is to follow ASP guidelines. The defendant has given his parents' address as where he is living. When contacted, they reported he had not lived there in years. The defendant now gives the address of his residence as the place where he is employed. The defendant refuses proper address given.

Incarceration is recommended.

| Marla Rowe | 8/26/96 | R. Marcantonio | 8/26/96 | J. Brooks | |
|------------|---------|----------------|---------|-----------|---|
| Probation Officer | Date | Unit Supervisor | Date | Asst. Deputy Director | |

057        COPY OF PRESENTENCE INVESTIGATION ATTACHED

**CONFIDENTIAL MATERIAL PURSUANT TO SECT. 390.50 CPL**

NASSAU COUNTY PROBATION DEPARTMENT
VIOLATION OF PROBATION UPDATE NO. I

To:      Hon. Abbey L. Boklan, County Court

From:    L. Armani, Probation Officer

         Defendant:   MARK SMITH
         Docket No.:  IND. 91286
         Court Date:  6/4/97

On the basis of twelve failures to report and Smith's failure to provide an accurate home address at which he was living, a Violation of Probation was filed on August 26, 1996. Having absconded during the second month of ASP supervision, he remained a fugitive for eight months until he was re-arrested on April 8, 1997 on a Petit Larceny charge and the Violation of Probation Warrant was executed. On May 16, 1997, Smith pled guilty to the Violation of Probation and the matter was adjourned to June 4, 1997 for an update and recommendation.

When interviewed on April 30, 1997 while he was remanded to the Nassau County Correctional Center, Smith provided vague information regarding his whereabouts for the previous eight months, indicating he had resided intermittently at "over five" different locations, and had held two off the books jobs, one as a golf caddy and the other as a counterperson for a fast food restaurant. He claimed to have stopped reporting because he "just didn't want to do (it) anymore."

It should be noted that Smith would still be at large had he not been arrested for a new crime. On May 22, 1997, under Docket #10566/97, he pled guilty in District Court to Petit Larceny and was sentenced to Time Served.

Smith has demonstrated his unsuitability for supervision in the community. Having pled guilty to violating conditions of ASP Probation, it is recommended that he be re-sentenced to a period of incarceration.

_____          _____ 6/3/9_
L. Armani                        R. Marcantonio
Probation Officer      Date      Unit Supervisor      Date

9587F/cn

## VIOLATION OF PROBATION

County Court: NASSAU COUNTY

IN THE MATTER OF Mark Smith, Defendant
      LKA:    289 Post Avenue
              Westbury, NY, 11590

Prob. No.: 128214
Docket #:  Ind 91286
NCPD #:   219308
DOB:      8/6/60

STATE OF NEW YORK )
COUNTY OF NASSAU  )  ss.:

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK:

Marla Rowe, a Probation Officer of the County of Nassau, being duly sworn, deposes and say
that:  On November 28, 1995, before the Honorable Abbey L. Boklan in the County Court, th
defendant was found guilty after plea of Attempted Burglary 2nd Degree (D Fel); that on Mar
25, 1996, the defendant was sentenced by the Honorable Abbey L. Boklan to Probation fiv
years, 180 days NCCC, ASP, therapy as directed, $155.00 by 7/26/96 as issued by the Cour
Clerk, Order of Protection for Robert Williams.

That said defendant is in violation of the Conditions of Probation in that, while under th
supervision of the Probation Department of Nassau County:

  defendant did not report to a probation officer as directed by the Court or the probatio
officer, to wit:  On June 26, 1996, July 1, 1996, July 3, 1996, July 10, 1996, July 24, 199
July 29, 1996, July 31, 1996, August 12, 1996, August 14, 1996, August 19, 1996, August 2
1996, and August 28, 1996, the defendant failed to report to your deponent pursuant t
directives to do so.

The defendant has failed to answer all reasonable inquiries by the Probation Officer, t
wit:  The defendant failed to notify the Probation Officer prior to any changes in addres
and has failed to give proper address to Probation Officer.

The defendant has failed to pay Court Clerk $155.00 by July 26, 1996, as directed by th
Court, to wit:  On March 25, 1996, the defendant signed the Conditions of Probatio
directing him to pay $155.00 by July 26, 1996, as the defendant failed to do so.  Deponen
states that this charge is made upon information and belief, the source of this informatio
and the grounds for this belief being Court Conditions of Probation dated March 25, 1996,
copy of which is attached hereto and is intended to form a part of this charge.

Wherefore, your deponent requests that a Warrant be issued for arrest of probationer and tha
said probationer be dealt with in accordance with law.

False statements made herein are punishable as a Class A Misdemeanor pursuant to Sectio
210.45 of the Penal Law.

                                                          8/26/96

                                        Marla Rowe
                                        Probation Officer      Date



## NASSAU COUNTY PROBATION DEPARTMENT

### REQUEST FOR ADJOURNMENT

TO:          Hon. Abbey Boklan, County Court

FROM:        Raymond Bang, Probation Officer

DEFENDANT:   Mark Smith          DOCKET NO.:      Ind. 91268

PLEA DATE:   11/28/95            SENTENCE DATE:   1/25/96

CONVICTION:  Att. Burg. 2 (D Fel.)

PRESENT CUSTODY STATUS: Liberty       DATE OF REMAND:

<u>CHANGE CUSTODY STATUS?</u>   () NO CHANGE    (X) REMAND    () SET/INCREASE BAIL

ADJOURNMENT REQUESTED TO:    February 22, 1996

OTHER CHARGES PENDING              COURT      NEXT DATE      STATUS
None

---

<u>REASON FOR ADJOURNMENT:</u>
On January 11, 1996 the defendant appeared before Your Honor for sentencing and sentencing was adjourned to January 25, 1996 for the purposes of completing our investigation.

Initially the defendant was scheduled for an interview on December 4, 1995. While the undersigned was unavailable he left a message requesting his appointment be changed to December 11, 1995. He failed to appear on December 11, 1995. A telephone call was made to his father on January 16, 1996, who advised that the defendant has not lived with the family for over three months and his present whereabouts are unknown. The defendant has made no attempt to contact the undersigned.

We respectfully request that the defendant be held at the Nassau County Correctional Center for the purposes of interviewing him and completing our investigation.


R. Bang                    Harry Helmus               S. Delfox
Probation Officer    Date  Unit Supervisor     Date  Assistant Deputy Director

1/23/96
5226F/ca

NASSAU COUNTY PROBATION DEPARTMENT

REQUEST FOR ADJOURNMENT

TO:          Hon. Abbey L. Boklan, County Court

FROM:        Raymond Bang, Sr. Probation Officer

DEFENDANT:   MARK SMITH              DOCKET NO.:    IND. 91286

PLEA DATE:   11/28/95                SENTENCE DATE: 2/26/96

CONVICTION:  Att. Burglary 2nd Deg.          D Fel.

PRESENT CUSTODY STATUS: Conditional Release        DATE OF REMAND:

CHANGE CUSTODY STATUS?   ( ) NO CHANGE   (X) REMAND   ( ) SET/INCREASE BAIL

ADJOURNMENT REQUESTED TO:   3/27/96

OTHER CHARGES PENDING              COURT     NEXT DATE     STATUS

REASON FOR ADJOURNMENT:

The defendant was scheduled for an initial interview on December 11, 1995 and failed to appear for the interview. He appeared before Your Honor on January 26, 1996. He appeared in the Probation Department Offices after Court and was directed to report on February 1, 1996. He once again failed to report and has made no attempt to contact the undersigned.

We respectfully request that the defendant be held at the Nassau County Correctional Center for the purposes of interviewing him and completing the investigation.

_____    _____    _____
Raymond Bang                 Harry K. Helmus               S. Delfox
Probation Officer    Date    Unit Supervisor    Date       Assistant Deputy Director

5486F/cn

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK ANTHONY SMITH,            :
          Petitioner     :    No. 1:CV-01-0712
                         :
          v.            :    (Judge Kane)
                         :
IMMIGRATION AND NATURALIZATION  :
SERVICE,                    :
          Respondent     :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 7th day of June, 2001, she served a copy of the attached

**EXHIBITS IN SUPPORT OF**
**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Mark Anthony Smith, 55938
York County Prison
3400 Concord Road
York, PA  17402

KATE L. MERSHIMER
Assistant U.S. Attorney