

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK ANTHONY SMITH,                  :
        Petitioner           :     CIVIL ACTION NO. 1:CV-01-0712
                             :     **FILED**
v.                                   :     **HARRISBURG**
                             :
IMMIGRATION AND                      :     APR 1 6 2002
NATURALIZATION SERVICE,               :     (Judge Kane)
        Respondent           :     MARY E. D'ANDREA, CLERK
                             :     Per_____
                                    DEPUTY CLERK

**MEMORANDUM AND O R D E R**

    Mark Anthony Smith, presently a detainee of the Immigration and Naturalization Service (INS) at York County Prison in York, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 6, 2001 in the United States District Court for the Southern District of Pennsylvania at Civil Number 01-CV-3179. The petition alleges, <u>inter alia</u>, that his prolonged detention in INS custody while awaiting deportation violates his due process rights under the Fifth Amendment. On April 16, 2001 Judge Mukaskey transferred the case to this Court and stayed Petitioner's removal. Based on the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491 (June 28, 2001), the Court will refer the petition to the INS as a request for review under 8 C.F.R. §§241.4 and 241.13.

I. Background

    It is undisputed that Smith is a native and citizen of Jamaica who entered the United States in 1971 as a lawful permanent resident. In 1997 Smith received a one and one third (1 1/3) year to four (4) year sentence for attempted second degree burglary. As a result of the conviction, the INS served Smith in October 1999 with a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony. On January

6, 2000, an immigration Judge found Smith removable as charged. Smith appealed to the Board of Immigration Appeals, which upheld the removal Order on June 28, 2000. On July 18, 2000 the INS requested Jamaica to provide it with travel documents for Smith. This request was repeated on September 15, 2000 and February 5, 2001. On March 21, 2001 the Jamaican consulate advised the INS that it was still investigating Smith's case. In the interim, Smith has been detained pursuant to 8 U.S.C. S 1231. The most recent action taken on Smith's case was on January 29, 2001 when the INS denied Smith's request to be released pending removal.

On February 6, 2001, Smith filed the instant petition. Petitioner contends that mandatory detention is unconstitutional and INA § 236(c) violates his Fifth Amendment right to due process by law. (Doc. 1, Petition)[1]. Respondent alleges that Petitioner's continued detention is constitutionally permissible.[2]

II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory.[3] At the

---

[1] Respondents characterize this pro se Petitioner's claims as challenging the mandatory provisions of 8 U.S.C. § 1226(c), but it is clear that Petitioner is also challenging his continued detention as being in violation of 8 U.S.C § 1231(a).

[2] Respondent's Response was filed prior to the Supreme Court's decision in Zadvydas v. Davis, 121 S. Ct. 2491 (June 28, 2001).

[3] Section 1231(a)(1)(B) provides:
The removal period begins to run on the latest of then following:
    (i) The date the order of removal becomes administratively final.

2

conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

In <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491, The United States Supreme Court recently addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation. <u>Id</u>. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." <u>Id</u>. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." <u>Id</u>. at 2503. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." <u>Id</u>. at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." <u>Id</u>. The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." This holding is limited to deportable aliens and not excludable aliens. Based on the record before the court, Smith is a deportable alien and <u>Zadvydas</u> is applicable.

---

        (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
        (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Following the Supreme Court's decision in <u>Zadvydas</u>, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). There is no indication that such a review was conducted in regards to Smith. When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the Headquarters Post Order Detention Unit (HQPDU) for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). There is an indication that Smith's matter was referred to the HQPDU, but there is no date on the letter. (Doc. No. 5 ex. 11). As the record stands, there has been no further action taken since January 29, 2001 regarding Smith's custody status.

Smith has now been detained by the INS for over a year and a half pursuant to a final removal order. Inasmuch as the Petitioner herein has challenged his continued detention by filing a petition for a writ of habeas corpus under §2241, the Respondent is instructed to treat, as of this date, the petition as a request for release under 8 C.F.R. §241.13. Section 241.13 establishes:

> ...special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he ... was ordered removed ... in the reasonably foreseeable future.

4

8 C.F.R. § 241.13(a). The INS shall respond to the request within 30 days. Having referred the matter to the government for disposition under existing review procedures, the petition for writ of habeas corpus will be dismissed without prejudice. An appropriate order follows.

ACCORDINGLY, THIS 16th DAY APRIL, 2002, IT IS HEREBY ORDERED THAT:

1. Respondent is directed to treat, as of the date of this order, the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. The INS shall respond to the request within 30 days.

2. The petition for writ of habeas corpus (Doc. 1) is dismissed without prejudice.

3. The Clerk of Court is directed to close this case.

YVETTE KANE
United States District Judge

5